IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GARTAVIS KE'ANDRE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:20-CV-591-RAH |
| ) | |
| MADISON GRATHAM, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This 42 U.S.C. §1983 action is pending before the court on a complaint filed by Gartavis Ke'Andre Davis, an inmate currently incarcerated at the Russell County Jail on pending criminal charges of first degree rape and first degree burglary. Doc. 1 at 2. In this complaint, Davis challenges actions which have occurred during state court proceedings related to these charges. Doc. 1 at 2–3. Davis names Kenneth Davis, the District Attorney for Russell County, Alabama, Madison Gratham, an Assistant District Attorney, A. David Johnson, the judge assigned to his cases, and Jacqueline Hackney, the victim of the alleged criminal offenses, as defendants.[2] Davis seeks dismissal of the criminal charges and monetary damages. Doc. 1 at 4.

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] Information relevant to the defendants is gleaned from the complaint and entries on the case action summary sheets maintained by the Circuit Court of Russell County in these cases which are maintained by the Alabama Trial Court System and hosted at www.alacourt.com. As permitted by applicable federal law,

1

Upon thorough review of the complaint, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## II.  DISCUSSION

### A.  Judge A. David Johnson

Davis complains that Judge Johnson has issued adverse rulings on motions filed in his criminal cases.  Doc. 1 at 3.  The claims against Judge Johnson provide no basis for relief as this defendant is entitled to judicial immunity.  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435

---

the court takes judicial notice of these state court records, *see Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[3]The court granted Davis leave to proceed *in forma pauperis* in this civil action.  Doc. 5.  Despite payment of an initial partial filing fee by Davis, the court remains obligated to screen the complaint for possible summary dismissal.  28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.).  Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii).

U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Davis against Judge Johnson emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he has jurisdiction. Judge Johnson is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Davis' claims against Judge Johnson are "based on an indisputably meritless legal theory" and are therefore subject to dismissal pursuant to provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

**B. District Attorney Kenneth Davis and Assistant District Attorney Madison Gratham**

Davis alleges, other than the statements of the victim, there is no physical evidence that he committed the crimes and complains that in spite of this the district attorney

assigned to his cases is proceeding to trial.  Doc. 1 at  3. The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").  The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).  Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "in initiating a prosecution and in presenting the State's case . . . insofar as that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Davis seeks relief from the District Attorney and Assistant District Attorney for actions undertaken during Davis' criminal proceedings with respect to initiation and prosecution of his cases, it is clear that these actions occurred while

defendants Kenneth Davis and Madison Gratham engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which they are entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Davis' claims against the prosecutors due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). In addition, Davis is entitled to no declaratory or injunctive relief against these defendants arising from any actions in his cases pending before the Circuit Court of Russell County, Alabama. *See infra* at 7–9.

### C.  The Victim

Davis alleges that the victim of the alleged crimes provided testimony to the grand jury which resulted in his wrongful indictment for rape and burglary and seeks monetary damages for her provision of such testimony. Doc. 1 at 4. This claim provides no basis for relief in the instant cause of action.

Initially, the law is well-settled that 42 U.S.C. § 1983 does not authorize the assertion of a damages claim for alleged acts of perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334–336 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings); *Kelly v. Curtis,* 21 F.3d 1544, 1553 (11th Cir.1994) (holding that a witness "is absolutely immune from a § 1983 civil action for [her] testimony, even if false, before the grand jury."); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988) (holding that whether an individual lied as either a witness or a petit juror is immaterial because she "is absolutely immune from liability for damages under 42 U.S.C. § 1983."); *Austin v. Borel*,

830 F.2d 1356, 1359 (5th Cir. 1987) ("Witnesses . . . who testify in judicial proceedings are . . . shielded by absolute immunity.").

Moreover, an essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

It is clear to the court that the actions of the victim about which Davis complains were not committed by a person acting under color of state law; rather, the criminal charges lodged and testimony to the grant jury by the victim against Davis resulted from "merely private conduct" excluded from the reach of § 1983.

For the foregoing reasons, the court concludes that the claims presented against the victim are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### D. Challenges to Pending Criminal Charges

To the extent Davis presents challenges to the criminal charges pending against him and seeks dismissal of these charges, he is likewise entitled to no relief. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. 401 U.S. at 44–45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. 401 U.S. at 43–45. "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when state judicial proceedings are pending, the proceedings implicate important state

interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention are present in this case. First, Davis is awaiting trial on criminal charges before a state court. Secondly, enforcement of the law is an important state interest. Finally, Davis may raise his challenges to the sufficiency of the evidence in the pending state court proceedings and, if unsuccessful before the trial court and upon conviction, on direct appeal before the state appellate courts. However, exceptions to *Younger* abstention include situations where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*). Nevertheless, in this case, Davis has failed to allege any facts which warrant application of the exceptions to *Younger* abstention as his claims challenging the validity of the charges lodged against him do not assert the type of bad faith or harassment that would justify the relief attendant to these claims — dismissal of the charges currently pending against him. Additionally, the mere fact that Davis must defend himself in state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, the challenges presented by Davis which

go to the fundamental validity of the pending criminal charges do not provide a basis on which relief may be granted at this time since equity, comity and federalism concerns require this court to abstain from considering such claims, and these claims are therefore due to be summarily dismissed as permitted by 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  The plaintiff's claims for relief against A. David Johnson, Kenneth Davis, Madison Gratham and Jacqueline Hackney for actions which occurred during state court proceedings related to the rape and burglary charges pending against him before the Circuit Court of Russell County, Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2.  The plaintiff's challenges to the veracity and sufficiency of the evidence in his pending state criminal cases and his request for dismissal of these cases be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as this court must abstain from considering any such challenges in accordance with the *Younger* abstention doctrine.

3.  This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

On or before **November 4, 2020**, the plaintiff may file objections to this Recommendation.  The plaintiff must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 21st day of October, 2020.

                                      s/ Charles S. Coody
                                 UNITED STATES MAGISTRATE JUDGE